UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL KENNEDY                                                 CIVIL ACTION

VERSUS                                                                   NO. 20-3286

BROWNING ARMS COMPANY                              SECTION "R" (1)

## ORDER AND REASONS

Before the Court is defendant Browning Arms Company's motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6).[1]  In a response, plaintiff Michael Kennedy indicates that he does not oppose the motion.[2]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises from the allegedly defective design of Browning's x-bolt bolt action rifles.  Plaintiff alleges that he purchased a .308 caliber Browning x-bolt bolt action rifle, and a .2506 caliber x-bolt bolt action rifle.[3]

---

[1]    R. Doc. 12.
[2]    R. Doc. 14.
[3]    R. Doc. 1-1 at 1, ¶¶ 1-2.

He alleges that the two rifles lack distinctive markings, and that they have a nearly identical appearance.[4]

According to plaintiff's complaint, on November 14, 2019, plaintiff brought both of his Browning rifles to a rifle range.[5]  Plaintiff states that he placed a .308 caliber cartridge into his .2506 caliber rifle.[6]  When he fired the rifle, it allegedly exploded, injuring his right eye.[7]  Kennedy states that he has lost all vision in his right eye as a result of the accident.[8]

Plaintiff filed suit in state court on November 4, 2020.  He asserts causes of action for design defect and inadequate warning under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq*. Plaintiff also asserts a claim for negligence.  On December 2, 2020, Browning removed to federal court, contending that the requirements for diversity jurisdiction are met.[9]  Now, Browning moves to dismiss plaintiff's negligence claim.[10]  The Court considers the motion below.

---

[4]     *Id.* at ¶¶ 3-4.
[5]     *Id.* at ¶¶ 6-7.
[6]     *Id.* at ¶ 8.
[7]     *Id.* at ¶ 9.
[8]     *Id.* at ¶ 12.
[9]     R. Doc. 1 at 3-5.
[10]    R. Doc. 12.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'"  *Hall v. Hodgkins*, 305 F.

App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).


## III.   DISCUSSION

In its motion, Browning contends that the Louisiana Product Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq*, precludes plaintiff's negligence claim.  In his response, plaintiff states that he does not object to dismissal of the negligence claim now that defendant has admitted it was the manufacturer of the allegedly defective product.

The LPLA provides that a manufacturer "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. Rev. Stat. § 9:2800.54(A).  A product is "unreasonably dangerous" within the meaning of the statute "if and only if" it is unreasonably dangerous (1) in construction or composition, (2) in design, (3) because of inadequate warning, or (4) because of nonconformity to an express warranty.  *Id.* at 9:2800.54(B)(1)-(4).  Thus, the LPLA limits plaintiffs to four theories of recovery: construction or composition defect, design defect, inadequate warning, and breach of express warranty.

The LPLA also expressly states that it provides for "the *exclusive* theories of liability for manufacturers for damage caused by their products." *Id.* at § 2800.52 (emphasis added); *see also Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir. 1995) (noting that the LPLA's remedies are "exclusive"). Thus, the Fifth Circuit has held that "for causes of action arising after the effective date of the LPLA,[11] negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA." *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). Numerous courts applying Louisiana law have thus concluded that a plaintiff's negligence claim against a manufacturer is barred by the LPLA. *See Bezet v. Smith & Wesson Corp.*, No. 08-685, 2009 WL 632080, at *1 (M.D. La. Mar. 11, 2009) ("[P]laintiff may not assert an independent claim of negligence against [defendant] even though the failure to warn under the LPLA is predicated on principles of negligence."); *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 245 (E.D. La. 1996), *aff'd*, 106 F.3d 1245 (5th Cir. 1997) ("[N]either negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer."); *Lavergne v. Am.'s*

---

[11]     The LPLA became effective on September 1, 1988.  1988 La. Acts No. 64.

*Pizza Co., LLC*, 838 So. 2d 845, 848 (La. App. 3 Cir. 2003) ("[T]he LPLA's exclusivity provision eliminates a general negligence cause of action for damages caused by a product . . . ." (emphasis omitted)).

The Court finds that the LPLA provides plaintiff's exclusive theories of recovery against Browning, the manufacturer of the allegedly defective product. Thus, the LPLA precludes plaintiff's negligence claim. The Court grants defendant's motion. Plaintiff's negligence claim is dismissed.

## IV.   CONCLUSION

The Court GRANTS defendant's motion for partial dismissal. Plaintiff's negligence claim is DISMISSED.

New Orleans, Louisiana, this __2nd__ day of June, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE